**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael S. Williams,<br><br>    Plaintiff,<br>vs.<br><br>Christopher J. Wiggins, et al.,<br><br>    Defendants. | No. CV-19-03482-PHX-SPL<br><br>**ORDER** |

Before the Court is Christopher J. Wiggins and Seldon Wiggins (together, the "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b), or in the Alternative to Transfer Venue (the "Motion"). (Doc. 12) The Motion was fully briefed on July 5, 2019, and oral argument was requested by Plaintiff Michael S. Williams (the "Plaintiff"). (Docs. 18, 19)  Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court's ruling is as follows.

**I. Background**

Defendant Christopher J. Wiggins ("Wiggins") is a co-founder, former chief executive officer, and majority shareholder of ORhub, Inc. ("ORhub"). (Doc. 1-2 at 3; Doc. 18 at 5) ORhub is incorporated in Nevada and headquartered in Tempe, Arizona. (Doc. 18 at 26)  The Plaintiff is an investor in ORhub and an Arizona resident. (Doc. 18 at 26)

Frederic Buonincontri ("Buonincontri") and Lanny Lang ("Lang") are also ORhub investors and Arizona residents. (Doc. 18 at 26)

In October 2018, Buonincontri filed a lawsuit against ORhub in the Maricopa County Superior Court. (Doc. 18 at 26) On April 4, 2019, Wiggins sent an email (the "April Email") to approximately 78 ORhub investors and stockholders, including Williams, Buonincontri, and Lang, making statements that the Plaintiff alleges are defamatory. (Doc. 18 at 27; Doc. 1-2 at 4) The April Email (i) included statements alleging "collusion and wrongful behavior" between Williams, Buonincontri, and Lang; (ii) referred to Williams, Buonincontri, and Lang as "criminal," accusing them of "intentionally damaging the value of" ORhub; and (iii) stated that Williams, Buonincontri, and Lang "have continued to manipulate the truth and mislead [ORhub's] shareholders." (Doc. 1-2 at 4–5)

On April 17, 2019, the Plaintiff initiated this lawsuit (the "Complaint") in the Maricopa County Superior Court alleging causes of action for defamation and false light invasion of privacy. (Doc. 1-2) The case was removed to this Court on May 24, 2019. (Doc. 1) The Defendants filed the Motion seeking dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

**II.  Legal Standard**

"[T]he plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Where, as here, a defendant's motion to dismiss is based on a written record and no evidentiary hearing is held, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id*. "For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110–11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 781, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). When no federal statute

specifically defines the extent of personal jurisdiction, federal courts look to the law of the state where the district court sits—in this case, Arizona. *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004). "Arizona's long-arm rule permits the exercise of personal jurisdiction to the extent allowed by the due process clause of the United States Constitution." *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1188 (9th Cir. 2002).

Personal jurisdiction may be either general or specific. See *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). General jurisdiction exists where a non-resident defendant engages in substantial, continuous or systematic activities within the forum. *Marlyn Nutraceuticals, Inc. v. Improvita Health Prod.*, 663 F. Supp. 2d 841, 848 (D. Ariz. 2009) (citing *Perkins v. Benguet Consol. Mining, Co.*, 342 U.S. 437, 445 (1952)).

In deciding whether a defendant is subject to specific personal jurisdiction, federal courts consider whether (1) the non-resident defendant purposefully directs his activities or consummates some transaction with the forum or resident thereof; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e. it must be reasonable. *Picot*, 780 F.3d at 1211 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff has the burden of proving the first two prongs. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). If he does so, the burden shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). For claims sounding in tort, courts apply a "purposeful direction" test and look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere. *Schwarzenegger*, 374 F. 3d at 802.

**III. Analysis**

The Defendants seek dismissal of this case because the Court does not have personal

jurisdiction over either of the Defendants. (Doc. 12 at 6) The Defendants argue that the Plaintiff fails to establish general or specific personal jurisdiction through the allegations in the Complaint because (i) the Defendants are not Arizona residents and (ii) the April Email was not directed at Arizona residents. (Doc. 12 at 6) In response, the Plaintiff argues that the Court has personal jurisdiction over the Defendants because the defamatory actions taken by the Defendants targeted and impacted persons and entities residing in Arizona. (Doc. 18 at 5)

### A. General Jurisdiction

The Defendants argue that they do not have the requisite minimum contacts with Arizona for the Court to have general personal jurisdiction over the parties. The Defendants argue that they are California residents who do not reside or conduct business in Arizona. (Doc. 12 at 6) The Defendants also argue that they do not own any assets in Arizona and do not travel to Arizona. (Doc. 12 at 8) In response, the Plaintiff argues that the Defendants conduct business in Arizona because Wiggins is a current board advisor and stockholder of ORhub, which is headquartered in Arizona. (Doc. 18 at 20)

The Court finds that it does not have general personal jurisdiction over the Defendants because the Plaintiff has failed to allege sufficient information demonstrating that the Defendants have substantial, continuous and systematic contacts with Arizona. The Plaintiff fails to dispute that the Defendants are not Arizona residents or that they do not spend any meaningful amount of time in Arizona. Even the Plaintiff's allegation that the Defendants are stockholders in Arizona companies fails to prove continuous and systematic contacts, as the Plaintiff fails to allege that the Defendants' stockholder relationship requires the Defendants to travel or conduct business in Arizona on a continuous or systematic basis. Accordingly, the Court finds that it cannot exercise general personal jurisdiction over the Defendants.

### B. Specific Jurisdiction

The Defendants argue that the allegations in the Complaint do not allege facts sufficient to confer specific personal jurisdiction over the Defendants. The Court of Appeals

for the Ninth Circuit analyzes specific jurisdiction under a three-prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011).

1. Purposeful Direction

In order to determine whether a party purposefully directs out-of-forum activities at a forum, courts implement an "effects test". *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 606 (9th Cir. 2018). The "effects test" focuses on the forum in which a defendant's actions were felt, whether or not the actions themselves occurred within the forum. *MJG Enterprises, Inc. v. Cloyd*, 2010 WL 3842222, at *6 (D. Ariz. Sept. 27, 2010). The three-part test requires that the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 805.

The Defendants concede that sending the April Email qualifies as an intentional act. (Doc. 12 at 12) However, as to the second prong of the "effects test," the Defendants argue that the April Email at issue was not expressly aimed at Arizona because (i) the target audience of the April Email was persons primarily outside of Arizona, and (ii) the majority of the April Email recipients reside outside of Arizona. (Doc. 12 at 12) In response, the Plaintiff argues that 18 of the approximately 78 email recipients reside in Arizona, and the purpose of the email was to disrupt an Arizona-based company and an Arizona-based lawsuit. (Doc. 18 at 13–15)

The "express aiming" requirement is met when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Marlyn Nutraceuticals*, 663 F. Supp. 2d at 851. Acts that have

merely foreseeable effects in the forum state are insufficient. *Id.* Instead, the Defendants must have known that the consequences of their allegedly wrongful conduct would be felt in Arizona. *Id.* The *Walden* precedent found that individualized targeting is, on its own, insufficient to confer specific personal jurisdiction. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017).

In this case, the Defendants clearly expected the email to impact a company headquartered in Arizona; however, even though the April Email was sent to a group including Arizona residents, the Defendants dispute that they specifically targeted Arizona residents through the email. The Court finds that there are sufficient allegations in the Complaint to demonstrate that Arizona residents were the target of the email or that the email was sent to specifically induce action from the Arizona email recipients. The strongest example of this is that the Arizona stockholders were purposely included in the list of email recipients. (Doc. 1-2 at 4) The Complaint also alleges that Wiggins sought to galvanize stockholders to file a class action lawsuit against the Plaintiff, Buonincontri, and Lang. (Doc. 1-2 at 6)

In *Dole*, the Court exercised specific jurisdiction where the defendants communicated "frequently" with a company's decisionmakers who resided in the forum state, and the company's principal place of business was in the forum state. *Dole*, 303 F.3d at 1109–12. This case is distinguishable from *Dole* because the communication at issue in this case was not frequent. Here, the Defendants sent a single email seeking to communicate with a large group of stockholders, most of which residing outside of Arizona, in order to organize support against an Arizona company led by Arizona residents.

This case is also distinguishable from *Neuromechanical, LLC* because the Defendants sent the April Email directly to approximately 18 Arizona residents, including the Plaintiff. *Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*, 2011 WL 333337, at *3 (D. Ariz. Jan. 31, 2011) (finding that less than one percent of the defendants' emails targeted Arizona residents).[1] In *Axiom*, the Court focused on the defendant's contacts with the

---

[1] The 18 Arizona email recipients constitute approximately 20 percent of the total

proposed forum state of California while adjudicating a copyright infringement claim. *Axiom Foods*, 874 F.3d at 1070–71. In *Axiom*, a defendant's knowledge regarding the forum of a copyright was one required element necessary to establish individualized targeting. This case is distinguishable from *Axiom* because the Defendants' alleged dissemination of defamatory communication to Arizona residents necessitates the Court's consideration of the Defendants' communication and contact with Arizona residents.

The Court's finding is supported by the *Walden* precedent, as (i) the Defendants established minimum contacts in Arizona through communication via email with Arizona residents, which is sufficient to constitute a "relevant contact"; and (ii) the April Email was widely circulated to Arizona residents within the relevant stockholder group, and the brunt of the Plaintiff's injury occurred in Arizona. *Walden v. Fiore*, 571 U.S. 277, 285–87 (2014). This is evidenced by the Plaintiff's claim that his professional reputation is centered in Arizona. (Doc. 18 at 25) Ultimately, it was the Defendants' communication with the relevant forum that allows the Court's exercise of specific jurisdiction in this case. Accordingly, the Court finds that the Defendants expressly aimed their actions at Arizona residents for the purpose of the "effects test".

Finally, the third prong of the "effects test" asks if a defendant's intentional action aimed at the forum state caused harm that the defendant knew was likely to be suffered in the forum. *MJG Enterprises,* 2010 WL 3842222, at *9. "When a forum in which a plaintiff corporation has its principal place of business is in the same forum toward which defendants expressly aim their acts, the 'effects' test permits that forum to exercise personal jurisdiction". *Id*. It is undisputed that ORhub hosts its headquarters and principal place of business in Arizona. The Defendants argue that the Plaintiff's harm was not foreseeable in Arizona because most of the targeted recipients of the April Email reside outside of Arizona. However, the Court finds this argument unsupported by the fact that the Plaintiff, Buonincontri, and Lang were included in the email, and the Defendants knew each of them to be Arizona residents operating an Arizona company. (Doc. 1-2 at 4) Thus, the Court

---

April Email recipients.

finds that the Defendants purposefully directed their actions at Arizona.

   2. Forum Related Activities

The Defendants do not directly address whether the April Email constitutes a forum-related activity. To address this issue, the Court analyses whether the Plaintiff would not have been injured "but for" the Defendants' conduct directed toward the Plaintiff in Arizona. *Biliack v. Paul Revere Life Ins. Co.*, 265 F. Supp. 3d 1003, 1008 (D. Ariz. 2017) (stating "whether the claim arises out of or relates to the defendant's forum-related activities, is established 'if the plaintiff would not have been injured but for' the defendant's conduct directed at the forum."). The Plaintiff argues that the Plaintiff's claims for defamation "arise out of [the Defendants'] Arizona-focused emails sent to 18 Arizona recipients," but no further argument is provided. (Doc. 18 at 17)

Based on the established "but for" precedent, the Court cannot find that the Plaintiff's claims arise out of the Defendants' forum-related activities. It is entirely plausible that the Plaintiff could bring identical claims against the Defendants had the April Email only been distributed to parties outside of Arizona. Although the Plaintiff may argue that the majority of his harm was experienced in Arizona, the Court cannot find that his injury did not occur elsewhere. With identical content and intent behind the distribution of the April Email, the Plaintiff can still bring claims against the Defendants in another forum, and the Defendants' act of sending the allegedly defamatory April Email does not create a cause of action specific to Arizona. Thus, the Court finds that the Plaintiff still may have been injured but for the Defendants' forum-related conduct. Therefore, the Motion must be granted.

   3. Reasonableness

The Plaintiff has the burden of establishing the first two prongs of the specific jurisdiction analysis before the burden shifts to the Defendants to argue that the exercise of jurisdiction would not be reasonable. *CollegeSource*, 653 F.3d at 1076. Because the Court finds that the Plaintiff has not met his burden, the Court declines to address the reasonableness of an exercise of specific jurisdiction or the Defendants' motion to transfer venue.

Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b), or in the Alternative to Transfer Venue (Doc. 12) is **granted**; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case and enter judgment accordingly.

Dated this 4th day of October, 2019.

Honorable Steven P. Logan
United States District Judge